A. B. MEEK v. HOUSTON ICE AND BREWING COMPANY, GARNISHEE.

### Decided October 6, 1906.

Court—Jurisdiction—Amount of Demand—Nonresident — Citation — Garnishment.

Plaintiff brought suit in the District Court against a nonresident defendant for the sum of $7.75 alleged to be due on contract, and for $2,000 damages for breach for said contract; no service was had on defendant; a writ of garnishment was sued out, the application and affidavit averring that the defendant was indebted to plaintiff in the sum of $7.75 and a bond was executed in the sum of $15.50. The garnishee moved to abate the suit for want of jurisdiction in the District Court, and answered admitting an indebtedness to defendant in the sum of $561.90. Held, the motion to abate was properly sustained.

Appeal from the District Court of Harris County. Tried below before Hon. C. E. Ashe.

*J. V. Meek* and *W. H. Haynes,* for appellant.—In an action on a claim—part of which is liquidated and part unliquidated—plaintiff is entitled to writ of garnishment, although the portion of the claim which is liquidated, standing alone and separate from the balance of the claim, would be for an amount not within the jurisdiction of the court in which the suit is pending. Sayles' Civ. Stats., art. 217 et seq.; Goodman v. Henley & Gabbert, 80 Texas, 499; Dwyer v. Testard, 65 Texas, 432; Evans v. Lawson, 64 Texas, 199; Stewart v. Heidenheimer, 55 Texas, 648.

*Baker, Botts, Parker & Garwood,* for garnishee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellant filed suit in a District Court of Harris County against The Meek Company, a foreign corporation having its domicile in the State of Ohio, on a claim for $2,007.75. Of the amount claimed $7.75 was alleged to be due appellant on a contract of employment and the remaining $2,000 was claimed as unliquidated damages caused by the breach by the defendant of said contract. The petition alleges that the defendant is a foreign corporation and contains no allegations that it has a representative in this State upon whom service of citation could be had, and the record fails to show service of any kind upon the defendant.

At the time this suit was filed appellant applied for and obtained a writ of garnishment against the appellee. The application and affidavit in garnishment allege that the original defendant was indebted to appellant in the sum of $7.75 and contain all other necessary allegations to authorize the issuance of the writ, and was accompanied by a bond executed in accordance with the statute for the sum of $15.50. The writ of garnishment was issued and served upon appellee on April 7, 1905.

At the succeeding June term of the court appellee filed a motion to abate the writ of garnishment on the ground that the proceeding showed upon its face that the court was without jurisdiction to hear and determine the matters in controversy, and subject to this motion filed an answer admitting that it was indebted to the defendant in the sum of $561.90.

The motion to abate was sustained by the trial court and from a judgment dismissing the proceedings this appeal is presented.

Under an appropriate assignment of error the appellant presents the following proposition upon which he contends the judgment of the trial court should be reversed:

"In a suit on a liquidated demand joined with an unliquidated demand, against a nonresident defendant, and garnishment against resident garnishee, and garnishee answers that it is indebted to defendant, the amount of such indebtedness is, as it were, brought into and is in the custody of the court, and the court has the right to adjudicate the entire cause of action, and apply the amount that garnishee is indebted to defendant to the payment of such judgment as plaintiff is entitled to recover against defendant, whether such judgment is on the liquidated or unliquidated portion of plaintiff's claim. Jurisdiction having once attached, the court retains jurisdiction for all purposes."

It may be conceded as a general rule that when a plaintiff brings a suit upon two or more causes of action which are properly joined, and the sum of the claims is an amount within the jurisdiction of the court, he may, if otherwise entitled thereto, obtain a writ of garnishment upon any one of his claims or causes of action notwithstanding the fact that such claim is for an amount below the jurisdiction of the court in which the suit is brought. This rule, however, is necessarily limited to cases in which the court has potential jurisdiction of the suit, and such jurisdiction can only be acquired by proceedings *in rem* which seek to bring the subject matter of the suit, of value sufficient to give jurisdiction, into court, or by service upon the defendant sufficient to give the court jurisdiction of his person.

This record does not disclose such a case, but on the contrary it appears from the face of the proceedings that the only portion of the claim against the defendant upon which an attachment or garnishment could issue is the $7.75 claimed as debt, the remainder of the claim being for unliquidated damages, and that the defendant is beyond the jurisdiction of the court and no service can be had which would bring it before the court so that personal judgment could be rendered against it.

The garnishment proceedings only attached a sufficient amount of the indebtedness due the defendant by the garnishee to satisfy the claim for $7.75, and that amount being below the jurisdiction of the court the proceedings must fall.

We think the judgment of the court below should be affirmed and it is so ordered.

*Affirmed.*

Writ of error refused.